IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROY N. SHAULIS, II, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:13-CV-02998 |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, et al., | : (Judge Mariani) |
| Defendants. | : |

## MEMORANDUM

Plaintiff Roy N. Shaulis, II ("Plaintiff" or "Shaulis") an inmate currently confined at the Forest State Correctional Institution in Marienville, Pennsylvania ("SCI-Forest"), initiated this action on December 16, 2013 by filing a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). In his Complaint, Plaintiff alleges that his Constitutional rights were violated when the Pennsylvania Board of Probation & Parole denied him parole. Plaintiff has additionally filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 6) and a motion to appoint counsel (Doc. 2).

This matter is before the Court for initial screening pursuant to 28 U.S.C. § 1915(e)(2).[1] In screening the Complaint, Plaintiff's motion for leave to proceed *in forma*

---

[1] Section 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

(A) the allegation of poverty is untrue; or

*pauperis* will be granted. However, for the reasons that follow, Plaintiff's Complaint will be dismissed. Additionally, Plaintiff's motion for appointment of counsel will be denied as moot.

## I. Allegations of the Complaint

In his Complaint, Plaintiff alleges that the "Pennsylvania Board of Probation and Parole and it's agents deliberating violated conditions and was indifference to state and federal laws and constitutional rights under due process, under Eighth and Fourteenth Amendment to the United States Constitution." (sic) (Doc. 1, p. 2). Plaintiff further alleges that he has a right and is entitled to parole because of his remorse, his custody level, and his good conduct in prison. (*Id.*). As relief, Plaintiff seeks:

16.) A declaration that the acts and omissions described herein violated Plaintiff's rights under constitutional and laws of the United States

17.) A preliminary and permanent injunction ordering Defendants to amend parole release

18.) Compensatory damages in the amount of one million dollars against each defendant jointly and severally

19.) Punitive damages in the amount of one million dollars against each Defendant

---

(B) the action or appeal –

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

20.)  Total cost of trial

(sic) (*Id.* at p. 4).

## II.  **Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* As such, a plaintiff's pleading

3

obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotations omitted).

*Pro se* pleadings are to be construed liberally, *Haines*, 404 U.S. at 520, and *pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

### III.  Discussion[2]

In his Complaint, Plaintiff alleges violations of his various Constitutional rights stemming from the denial of his parole. He further alleges that he is entitled to automatic parole under Act 122 of 2012, Section 5306(B).[3] (Doc. 1, p. 2-3). Plaintiff also alleges that under his criminal case, he was entitled to release on the alternative minimum date. (Doc. 5, p. 2). While he is seeking monetary damages for these violations, he is also seeking reversal of the parole decision and release from prison. It is well-settled that a habeas

---

[2] In screening the Complaint, the Court also considered Plaintiff's supporting brief (Doc. 5) filed on January 2, 2014.

[3] If correct, Plaintiff's argument that he is entitled to automatic parole under Pennsylvania law means success in this action could necessarily spell immediate or speedier release for Plaintiff. While we make no judgment as to the validity of this argument, as Plaintiff's Complaint stands, it appears the entirety of the Complaint is seeking Plaintiff's release from prison.

corpus petition is the proper mechanism for a prisoner to use to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Telford v. Hepting*, 990 F.2d 745, 748 (3d Cir.), *cert. denied*, 510 U.S. 920 (1993). Federal habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Learner v. Fauver*, 288 F.3d 532, 540 (3d Cir.2002). Plaintiff appears not to challenge the procedure used by the Board, but the ultimate decision of the Board denying him parole. Because Plaintiff is seeking an injunction for reversal of his parole denial and release from prison, this action lies within the core of habeas corpus. *See Preiser*, 411 U.S. at 489; *cf. Wilkinson v. Dotson*, 544 U.S. 74 (2005) (State prisoners may bring a § 1983 action for declaratory and injunctive relief challenging the constitutionality of state parole procedures where prisoners do not seek an injunction ordering immediate or speedier release into the community; i.e. Section 1983 remains available for procedural challenges where success would not necessarily spell immediate or speedier release for the prisoner).

## IV. Conclusion

Based on the foregoing, Plaintiff's Complaint will be dismissed for failure to state a claim. Because Plaintiff is seeking his release from prison, no amendment to the Complaint would allow Plaintiff to state a claim upon which relief may be granted, amendment would be futile, and thus, we shall dismiss the Complaint with prejudice. Additionally, we will grant Plaintiff's motion for leave to proceed *in forma pauperis* for purposes of screening. Because

we have dismissed Plaintiff's Complaint, Plaintiff's motion for appointment of counsel will be denied as moot.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge